IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL J. WYSON                                                                    PLAINTIFF

v.                              CIVIL NO. 2:15-cv-02034-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF Nos. 14, 15, 17) The matter is before the undersigned by consent of the parties. (ECF No. 6)

**I.  Background:**

On February 4, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,441.70 representing a total of 29.10 attorney hours for work performed in 2015 and 2016 at an hourly rate of $187.00. (ECF No. 14-1) On January 27, 2016, the Commissioner filed a response voicing no objection to the hourly rate sought, but objecting to the number of hours Plaintiff's counsel is requesting. (ECF No. 18) The Plaintiff filed a reply on February 16, 2016, contending the fee requested is reasonable and compensable under the EAJA. (ECF No. 19)

**II.  Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case, the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Further, the Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also*

2

*Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

As a general rule, attorney fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A)-unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorney's justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic, though, and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Sanders v. Astrue*, 2012 WL 19422 (W.D. Ark. Jan 3, 2012), this Court decided to follow the approach set forth in *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 969-974 (N.D. Iowa 2004), wherein the Court found that "a reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services were performed." *Id.* at 974. In this case, we find that an increase in the cost of living justifies a higher fee. Accordingly, the Plaintiff is entitled to receive $187.00 per attorney hour completed in the furtherance of his case.

### III. Discussion:

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 13) The Commissioner does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 18. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

### A. Excessive Time:

AO72A
(Rev. 8/82)

The Commissioner contends that the 1.00 attorney hour claimed for reviewing the Memorandum Opinion and Judgment and making notes for his EAJA motion on November 11, 2015, is excessive. (ECF NO. 16) After reviewing the history in this case, we agree. We note that the Opinion and Judgment were completed in response to the Commissioner's Motion to Remand. (ECF Nos. 11, 12) The Opinion is approximately two pages in the length, and the Judgment a single page. (ECF Nos. 12, 13) Accordingly, the undersigned is of the opinion that the Plaintiff's time should be reduced by .75 attorney hours.

**B.** **EAJA Motion:**

Next, the Commissioner contends that the 3.00 hours Plaintiff requests in compensation for the preparation of the Motion for EAJA fees and its supporting documentation is excessive. The undersigned finds that 3.00 hours is a reasonable amount of time for the preparation of these documents. Accordingly, the Plaintiff will be awarded the full time requested for the completion of this task.

**C.** **Clerical Tasks:**

The Commissioner also objects to a total of 3.95 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and the Defendant's objections, the undersigned finds that the following tasks are purely clerical in nature and not compensable

4

under EAJA: receiving and reviewing NEF's confirming the filing of the Cover Sheet, Complaint, Summons, Motion to Proceed In Forma Pauperis, Notice of Assignment of Magistrate, proof of service, transcript, appeal brief, and duplication statement; receiving and reviewing proof of service; calendaring deadlines; and, electronically filing Plaintiff's affidavits of service, appeal brief, and duplication statement. Further, I find that the Plaintiff is entitled to only nominal time for each of the following tasks: reviewing the Order granting IFP, signing and reviewing the Affidavits of Service and letters of service, reviewing the Defendant's Answer, reviewing the Scheduling Order, reviewing the Defendant's motion of extension of time and the Court's order granting said motion, and reviewing the Defendant's motion to remand and order granting said motion. These documents are very short documents that are filed in most, if not all, of the social security cases pending before this Court. As such, they require very little preparation and/or review time.

Further, I will award the Plaintiff .50 attorney hours requested for the telephone conversations with the Defendant's counsel regarding his requests (2) for an extension of time and motion to remand. Counsel will also be awarded .15 hours for reviewing the Defendant's Motion to Remand and .25 hours for communicating with the Plaintiff regarding the outcome of the case. Accordingly, Plaintiff should be awarded 1.15 attorney hours for performing these tasks, reducing the Plaintiff's fee request by 2.80 hours.

**D.    Administrative Tasks:**

Defendant also contests 3.25 attorney hours expended between January 4, 2015, and February 9, 2015, to review the notice of appeals council action, review the ALJ's opinion and outline errors, assess the Plaintiff's financial eligibility for IFP, and confer with the Plaintiff.

5

Citing *Pray v. Astrue*, 2011 WL 6937603, *2 (W.D. Ark. December 2, 2011) (finding certain tasks to be administrative in nature), Defendant contends that Plaintiff's attorney is not entitled to recover EAJA fees for any hours of work performed before a district court action begins. We disagree. An attorney is expected to be familiar with his case prior to filing a complaint in federal court. At the very least, this will require her to review notes from the administrative proceedings. Counsel must also meet with her client/prospective client, determine whether her client is a candidate for *in forma pauperis*, and prepare the complaint for filing with the court. Counsel should be compensated for a reasonable amount of time associated with these tasks. We do not, however, believe that counsel is entitled to a total of 1.00 for assessing the Plaintiff's financial eligibility and preparing the IFP application. Accordingly, I will reduce the Plaintiff's award by .50 attorney hours.

### E. Payment of EAJA fees:

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

### IV. Conclusion:

Based upon the foregoing, the undersigned awards the Plaintiff attorney fees under the EAJA in the amount of **$4,684.35** for 25.05 attorney hours performed in 2014 and 2015 at a rate of $187.00 per hour. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable

AO72A
(Rev. 8/82)

fee is determined pursuant to 42 U.S.C. § 406.

Dated this 17th day of March, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)